IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,209 






EX PARTE CARLTON JARELL WADE, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER F-0318344-WP IN THE 203RD JUDICIAL 

DISTRICT COURT DALLAS COUNTY 





 Per Curiam.



O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code
of Criminal Procedure. Ex parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant
was convicted of the felony offense of assault on a peace officer, and his sentence was
assessed at three years imprisonment in addition to a fine in the amount of $2,000. Applicant
did not appeal this conviction.

 In the instant application, Applicant alleges that the Texas Board of Pardons and
Paroles denied his due process rights by failing to provide him with adequate notice of the
date he was to be reviewed for release on mandatory supervision under the discretionary
mandatory supervision statute. Applicant contends that as a result of the Board's failure to
provide him with proper notice, he was denied the opportunity to present evidence to the
Board to use when making their determination of whether Applicant should be released on
mandatory supervision. 

 Based on documentation provided by the Texas Department of Criminal Justice,
Review and Release Processing Division, the trial court has entered findings stating that
Applicant did not receive notice of the specific month and year that he would be considered
for discretionary mandatory supervision release and that Applicant was deprived of the
opportunity to submit materials on his behalf. The trial court has recommended that relief
be granted. We agree. Applicant is entitled to relief under this Court's opinion in Ex parte
Retzlaff, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). The Board shall review Applicant for
release on mandatory supervision within sixty days of the date that the Court's opinion is
issued. In doing so, the Board shall provide Applicant with timely notice of the review,
which is to be held before the fifty-ninth day, and give Applicant at least thirty days to submit
any explanatory material he desires for the Board's consideration when making their
determination. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions Division, Review and Release Division, and the Board of Pardons
and Paroles Division.


DELIVERED: June 29, 2005 

DO NOT PUBLISH